IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
In re

PILLOWTEX CORPORATION, et al.,[1]

Debtors.
------------------------------------------------------------X
JOHN WAHOSKI, AS LIQUIDATING TRUSTEE
OF PILLOWTEX CORPORATION, et al.,

                              Plaintiff,

- against -

UNITED STATES FIRE INSURANCE CO.,

                              Defendant.
------------------------------------------------------------X

Jointly Administered
Case No. 03-12339 (PJW)

Chapter 11

Adv. Proc. No. 07-

**COMPLAINT SEEKING AN ACCOUNTING AND DIRECTING
THE TURNOVER OF PROPERTY TO THE DEBTORS' ESTATES**

John Wahoski (the "Liquidating Trustee"), as trustee of the liquidating trust of Pillowtex Corporation ("Pillowtex") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through counsel, as and for his complaint against defendants United States Fire Insurance Co. ("US Fire"), alleges and states as follows:

**NATURE OF THE ACTION**

1. This is an adversary proceeding brought in the above-captioned bankruptcy cases (the "Cases") pursuant to Part VII of the Federal Rules of Bankruptcy Procedure and sections 105(a) and 542(b) of title 11 of the United States Code (the "Bankruptcy Code") seeking the turnover of all excess funds drawn under a certain letter of credit.

---

[1]  In addition to Pillowtex Corporation, the other debtors are Beacon Manufacturing Company, Encee, Inc., FC Online, Inc., FCC Canada, Inc., FCI Corporate LLC, FCI Operations LLC, Fieldcrest Cannon Financing, Inc., Fieldcrest Cannon Licensing, Inc., Fieldcrest Cannon Transportation, Inc., Fieldcrest Cannon, Inc., The Leshner Corporation, Opelika Industries, Inc., PTEX Holding Company, PTEX, Inc., and Tennessee Woolen Mills, Inc.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (K) and (O).

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6. Pillowtex is a corporation organized under the laws of Delaware.

7. On July 30, 2003 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remained in possession of their properties and the management of their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until June 29, 2007 (the "Effective Date").

8. On the Effective Date, pursuant to the terms of the Joint Plan of Liquidation Proposed by the Debtors and the Creditors Committee (as amended, modified and/or supplemented, the "Plan") [Docket No. 2705] approved by this Court on February 13, 2007 [Docket No. 2807], Plaintiff was appointed as representative of the Debtors' estates and Liquidating Trustee. *See* Plan ¶¶ 1.37, 1.51.

9. Upon information and belief, Defendant is corporation or other legal entity whose state of incorporation or formation is presently unknown to the Liquidating Trustee.

## FACTS

10. The Debtors purchased workers compensation insurance policies (the "US Fire Insurance Policies") covering the period from September 1, 2001 through September 1, 2003 from US Fire. Pursuant to the US Fire Insurance Policies, the Debtors were liable to US Fire for a portion of the payments made by US Fire under such policies.

11. On May 15, 2002, pursuant to the US Fire Insurance Policies, the Debtors delivered to US Fire letter of credit, number SM421000P (as amended, the "US Fire L/C"), issued by Wachovia Bank f/k/a First Union National Bank, dated May 15, 2002, in the face amount of $5,625,000.

12. On or about August 28, 2003, US Fire drew (the "US Fire Draw") $5,625,000 (the "US Fire Draw Amount") under the US Fire L/C.

13. The Debtors have demanded that US Fire return any funds from the US Fire Draw Amount that exceed any claims that US Fire has or may have against the Debtors (the "US Fire Excess Funds"). As of the date hereof, US Fire has failed to turnover such funds.

### FIRST CAUSE OF ACTION
### (Accounting)

14. The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "13" above as if fully set forth herein.

15. The Debtors' books and records do not indicate that US Fire is entitled to the entire US Fire Draw Amount.

16. To the extent US Fire claims that it was entitled to use some or all of the US Fire Draw Amount to satisfy amounts owed by the Debtors to US Fire pursuant to US Fire Insurance Policies, US Fire must provide an accounting for each such use.

## SECOND CAUSE OF ACTION
(Turnover Claim Against the Defendant)

17. The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "16" above as if fully set forth herein.

18. The US Fire Excess Funds are property of the Debtors' estates.

19. By drawing on the US Fire L/C, taking possession of the US Fire Draw Amount and keeping the US Fire Excess Funds, the Defendant is now in possession of property of the Debtors' estates.

20. The Defendant is required to turnover the US Fire Excess Funds to the Debtors pursuant to Section 542(a) of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
(Equitable Relief Against the Defendant)

21. The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "20" above as if fully set forth herein.

22. US Fire unjustifiably drew the entire US Fire Draw Amount under the US Fire L/C and has unjustifiably failed to return to the Debtors or demonstrate its entitlement to the US Fire Excess Funds.

23. US Fire has done so to the detriment of the Debtors' estates and the Debtors' creditors.

24. By reason thereof, the Liquidating Trustee requests that US Fire be required to remit the US Fire Excess Funds to the Liquidating Trustee.

## FOURTH CAUSE OF ACTION
(Disallowance of Defendant's Proofs of Claim)

25. The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "24" above as if fully set forth herein.

26. US Fire is an entity from which property is recoverable under section 542 of the Bankruptcy Code.

27. US Fire has not paid the amount, or turned over such property, for which US Fire is liable under section 542 of the Bankruptcy Code.

28. To the extent that US Fire currently possesses filed or scheduled claims against the Debtors, whether pre-petition or administrative (collectively, the "US Fire Claims"), the US Fire Claims against the Debtors should be disallowed pursuant to section 502(d) of the Bankruptcy Code until any and all funds owed by US Fire to the Debtors are paid to the Liquidating Trustee.

**WHEREFORE,** for the foregoing reasons, the Liquidating Trustee respectfully requests the following relief:

A. That judgment be entered in favor of the Plaintiff and against the Defendant in the amount of the US Fire Excess Funds, plus interest at the legal rate from the date of the US Fire Draw, together with all costs of this action;

B. That US Fire be required to produce an accounting of any use of the US Fire Draw Amount;

C. That the US Fire Claims against the Debtors be disallowed until the turnover of the US Fire Excess Funds, plus interest thereon; and

D. That Liquidating Trustee be granted such other and further relief as is just and proper.

Dated: December 19, 2007
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Gilbert R. Saydah, Jr.*
_____
William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah, Jr. (No. 4303)
1201 North Market Street
Post Office Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

HAHN & HESSEN LLP
Mark. S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Liquidating Trustee*

- 6 -